# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE VASQUEZ, | CASE NO. 1:09-cv-00196-SMS PC |
|         Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION, AND VACATING |
|    v. | DISMISSAL ORDER AND JUDGMENT |
| PAM AHLIN, et al., | (Docs. 10-12) |
|         Defendants. | ORDER DIRECTING CLERK OF THE COURT TO CLOSE THIS ACTION PURSUANT TO PLAINTIFF 'S NOTICE OF VOLUNTARY DISMISSAL |
| | (Doc. 12) |
| _____/ | |

Plaintiff George Vasquez, a civil detainee proceeding pro se and in forma pauperis, filed this action on July 23, 2008. On June 30, 2009, the Court dismissed the action, with prejudice, for failure to state any claims upon which relief may be granted. On July 13, 2009, Plaintiff filed a motion for reconsideration on the ground that he mailed a notice of voluntary dismissal to the Court on May 28, 2009.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order,

1

1  Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are

2  claimed to exist which did not exist or were not shown upon such prior motion, or what other

3  grounds exist for the motion."

4      Originally, Plaintiff , along with six other co-plaintiffs, initiated a civil rights action in this

5  court.[1] The claims were severed and an action was opened for each plaintiff, with the lead plaintiff,

6  Frank Enepi Sisneroz, retaining the original case number.  The Court takes judicial notice of the fact

7  that all the other former co-plaintiffs filed notices of voluntary dismissal in their individual actions.[2]

8  Plaintiff has submitted a copy of his notice of voluntary dismissal along with a proof of service. (Ex.

9  C, Doc. 12.)  The Court finds Plaintiff's representation that he mailed a notice of voluntary dismissal

10  on May 28, 2009, to be credible under the circumstances, and will treat the notice as filed on July

11  13, 2009.

12      At the stage in the proceedings this case was at, Plaintiff had the absolute right to dismiss his

13  claims, without prejudice.  Duke Energy Trading and Marketing, L.L.C. v. Davis, 267 F.3d 1042,

14  1049 (9th Cir. 2001).  The filing of a notice itself has the effect of closing the action, and the Court

15  no longer has jurisdiction over the claims.  Id.  Accordingly, it is HEREBY ORDERED that:

16      1.    Plaintiff 's motion for reconsideration, filed July 13, 2009, is GRANTED;

17      2.    The dismissal order and judgment, filed June 30, 2009, are VACATED; and

18      3.    The Clerk's Office shall close this action pursuant to Plaintiff's notice of voluntary

19      dismissal, filed on July 13, 2009, as Exhibit C to document 12.

20  IT IS SO ORDERED.

21  **Dated:    November 10, 2009**        **/s/ Sandra M. Snyder**
                            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

---

27  [1] Case number 1:08-cv-01358-SMS Sisneroz, et al. v. Ahlin, et al.

28  [2] Case numbers 1:08-cv-01358-SMS PC, 1:09-cv-00197-SMS, 1:09-cv-00198-SMS, 1:09-cv-00199-SMS, 1:09-cv-00201-SMS, and 1:09-cv-00202-SMS.

2